# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0279V

| | |
|---|---|
| AARON FOLEY as Personal Representative of the Estate of EUGENE LORENZO WILSON,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 22, 2025 |

*Mark E. Schmidt*, Von Briesen & Roper, S.C., Milwaukee, WI, for Petitioner.

*Austin Joel Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On February 27, 2023, Eugene Lorenzo Wilson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Mr. Wilson alleged that he suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative a causation-in-fact injury, after receiving an influenza vaccine on October 13, 2021. Petition at 1, ¶¶ 2, 34. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Exactly one year later, on February 27, 2024, I issued a ruling on entitlement, finding Mr. Wilson entitled to compensation for his SIRVA. Sadly, Mr. Wilson passed away

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

from circumstances unrelated to his vaccine injury on May 19, 2024. Petitioner's former counsel Joseph Russell was attempting to determine the appropriate representative of Mr. Wilson's estate so that individual could be substituted as Petitioner. *See,* e.g., Status Report, filed July 30, 2024, ECF No. 28. He had determined that Mr. Wilson had one apparent heir, his only child Juan Gracia, and "passed away intestate and without assets in Milwaukee County, while Mr. Garcia resides in King County, Illinois." Status Report filed Jan. 7, 2025, ECF No. 33. Unfortunately, Mr. Russell then became ill and has passed away as well. *See,* e.g., Status Report, June 6, 2025, ECF No. 35.

On October 10, 2025, in response to a motion from Petitioner, another attorney at Mr. Russell's law firm, Mark E. Schmidt, was substituted as Petitioner's counsel of record. ECF No. 39. And Attorney Aaron Foley, who has been appointed representative of Mr. Wilson's estate and began proceedings to establish Mr. Juan Gracia as Mr. Wilson's sole heir, was designated as Petitioner. *Id.*

On October 22, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $60,000.00 for Mr. Wilson's pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner, as Personal Representative of the Estate of Eugene Lorenzo Wilson, a lump sum payment of $60,000.00 for Mr. Wilson's pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, as Personal Representative of the Estate of Eugene Lorenzo Wilson.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| AARON FOLEY, *as personal representative of the estate of* EUGENE LORENZO WILSON, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 23-279V <br> Chief Special Master Corcoran <br> ECF |

**RESPONDENT'S PROFFER OF DAMAGES**

On February 27, 2023, Eugene Lorenzo Wilson petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine he received on October 13, 2021. Pet. at 1. On February 26, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on February 27, 2024, the Chief Special Master issued a Ruling on Entitlement finding Mr. Wilson was entitled to compensation. ECF Nos. 20-21.

**I.    Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded **$60,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of **$60,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ AUSTIN J. EGAN
Austin J. Egan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 451-7479
Austin.J.Egan@usdoj.gov

Date:  October 22, 2025

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.