# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-0279V

---

AARON FOLEY, *as personal representative of* ESTATE OF EUGENE LORENZO WILSON,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: June 18, 2026

---

*Mark E. Schmidt, von Briesen & Roper, s.c., Milwaukee, WI, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On February 27, 2023, Eugene Lorenzo Wilson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Mr. Wilson alleged that he suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative a causation in-fact injury, after receiving an influenza vaccine on October 13, 2021. Petition at 1, ¶¶

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2, 34. On October 22, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 41.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $23,375.00[3] (representing $22,945.00 in fees plus $430.00 in costs). Motion for Attorneys' Fees and Costs ("Motion"), filed June 15, 2026, ECF No. 55. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 46 at 5.

Respondent reacted to the motion on December 18, 2025, representing that he is satisfied that the statutory requirements for an award of fees are met in this case and does not object to the overall amount as it is not unreasonable. Response at 1, ECF No. 51. Petitioner filed no reply thereafter.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

---

[3] It appears as if there was an error in the amount requested from the Motion for Attorney Fees and Costs and the billing invoices provided. ECF Nos. 46, 55-1. In Petitioner's Motion filed December 9, 2025, there was a total request for $24,990.00 (ECF No. 46 at 6) in attorney fees and costs, however billing records filed on June 15, 2026, reflect a total request of $23,375.00 (ECF No. 55-1 at 1). Accordingly, the amount to be awarded herein will be based on the total amount reflected in the billing record submitted in support thereto.

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests that I apply the following hourly rates for attorney Joseph Russell: $430.00 per hour for work performed in 2022; $460.00 for work performed in 2023; and $490.00 for work performed in 2024. Additionally, Petitioner requests the rate of $290.00 for work performed in 2025 by attorney Derik Rush. The hourly rates requested by Attorney Russell for all time billed in this matter through 2024 are reasonable and shall be awarded. However, the rate for Attorney Rush needs to be adjusted. Attorney Rush billed 4.20 hours, but without being admitted to this Court. Such work can only be billed at a paralegal rate. I thus hereby award Attorney Rush the hourly rate of $212.00 for work performed in 2025. **This results in a reduction of $327.60[4].**

## ATTORNEY COSTS

Petitioner requests reimbursement of $430.00 in costs, representing the Court's filing fee, postage and medical records. Respondent offered no specific objection to the rates or amounts sought. I find the requested cost reasonable and shall be awarded.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded $23,047.40 (representing $22,617.40 in fees plus $430.00 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a

---

[4] This amount is calculated as follows: ($290 - $212 = $78 x 4.20 hrs = $327.60).

3

timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.